### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS PABLO VASQUEZ, | |
| Petitioner, | Civil Action<br>No. 18-14775 (RBK) |
| v. | |
| DAVID E. ORTIZ, | **OPINION** |
| Respondent. | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent filed an Answer opposing relief (ECF No. 3), and Petitioner did not file a reply. For the reasons set forth below, the Court will deny the Petition.

### I.     BACKGROUND

This case arises from a disciplinary hearing during Petitioner's incarceration at FCI Fort Dix. On November 22, 2017, prison officials found a cell phone and other electronic accessories, inside locker "3U," within Room 219 of the prison. At the time of the surprise search, Petitioner was standing at the foot of his bed, in front of, and in close proximity to, the locker. Petitioner did not dispute, at that time, that the locker belonged to him.

Later that same day, officials issued an incident report charging Petitioner with possession of a hazardous tool, in violation of Bureau of Prisons Code 108,[1] delivered the report to Petitioner, and advised him of his rights. Petitioner alleged that the phone did not belong to him.

---

[1] Code 108 prohibits the "[p]ossession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g.,

The investigating official referred the incident report to the Unit Discipline Committee ("UDC"). On November 27, 2017, the UDC held an initial hearing, where Petitioner did not provide any additional information. After the hearing, the UDC referred the incident report to a Discipline Hearing Officer ("DHO"). Petitioner received a notice of disciplinary hearing, and officials advised him of his rights. Petitioner signed an acknowledgement of those rights and indicated that he did not want to have a staff representative or to call any witnesses.

On January 18, 2018, the DHO held a hearing and again advised Petitioner of his rights. Petitioner confirmed that he did not want a staff representative and did not wish to call any witnesses. Petitioner stated that the phone was not his, and for the first time, alleged that the locker at issue was not his locker.

The DHO considered Petitioner's statements in reaching a decision, as well as the incident report, photographic evidence, and a chain of custody log. The DHO also checked Petitioner's locker assignment and confirmed that the BOP assigned Petitioner locker "3U" in Room 219, where the investigating officer found the contraband. The DHO found Petitioner's denial to be false.

After considering all of the evidence, the DHO concluded that Petitioner committed the act of possession of a dangerous tool, in violation of Code 108. The DHO then issued the following sanctions: (1) revocation of forty days of good conduct time; (2) disciplinary segregation of fifteen days; (3) loss of email privileges for six months; and (4) loss of phone privileges for twelve months.

---

hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)." 28 C.F.R. § 541.3 (Table 1). "Aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself." *Id.* at § 541.3(a).

Petitioner appealed to the Regional and Central Offices, arguing that the weight of the evidence did not support the DHO's findings. More specifically, Petitioner argued that the DHO was wrong to have credited the investigating officer's incident report over Petitioner's denial. Petitioner also argued that there is no record "designating ownership" of the locker to Petitioner, and that there are "no locker assignment[s]." (ECF No. 3-1, at 12–13). At each level of appeal, Petitioner received a denial.

Petitioner then filed the instant Petition, again arguing that the evidence did not support the DHO's decision. Respondent filed an Answer (ECF No. 3), and Petitioner did not file a reply.

## II.   STANDARD OF REVIEW & JURISDICTION

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir. 1998).

If the Court does not dismiss the petition at the screening stage, the Court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Where a petitioner fails to identify evidence outside the record that would support or "otherwise . . . explain how . . . an evidentiary hearing" would advance his claim, a court is within its discretion to deny an evidentiary hearing. *Campbell*, 209 F.3d at 287. In exercising that

3

discretion, a court must accept the truth of a petitioner's factual allegations unless the record shows that they are clearly frivolous. *Friedland*, 879 F. Supp. at 434; *c.f. United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman,* 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989)).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on constitutional grounds and he was incarcerated in New Jersey at the time he filed the Petition. *See Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 242–44 (3d Cir. 2005).

### III.  DISCUSSION

Petitioner argues that the evidence before the DHO was insufficient to find him guilty of possessing contraband. In particular, Petitioner appears to contend both that locker assignments do not exist, and that if they do exist, he was entitled to see the locker assignments. Additionally, Petitioner appears to contend that the BOP should have held all the inmates in the room accountable, "if the contraband cannot be identified as belonging to a specific individual." (ECF No. 1, at 6). In response, Respondent maintains that Petitioner received all the required due process protections, and that in any event, there is "some evidence" to support the DHO's findings and decision.

Under our jurisprudence, before a prisoner may lose good time credits, officials must afford him the following due process protections: (1) a written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense;

(3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) an appearance before an impartial decision making body. *See Crosby v. Piazza,* 465 F. App'x 168, 171–72 (3d Cir. 2012) (per curiam) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–71 (1974)).  Petitioner does not appear to contest that he received these due process protections.

Additionally, in order to comport with due process, there must be "some evidence in the record" to support a disciplinary officer's findings and decision to revoke good time credits. *Gonzalez v. Hollingsworth*, No. 15-2993, 2016 WL 1732376, at *2 (D.N.J. May 2, 2016) (quoting *Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013)).  The "some evidence" standard is one of appellate review and is not the same as the "burden of proof in a prison disciplinary proceeding." *Id*.

Indeed, the "some evidence" standard is "minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (citing *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989)).  Instead, "the relevant inquiry asks whether 'there is any evidence in the record that could support'" the disciplinary official's conclusion. *Id*. (quoting *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

In the present case, the DHO considered, among other things, the investigating officer's report, photographic evidence of the phone and other electronic items, and a chain of custody log. In his report, the investigating officer stated that he found the contraband in Petitioner's locker, and that Petitioner was in close proximity to that locker.

The DHO also checked Petitioner's locker assignment and confirmed that Petitioner's assigned locker was "3U" in Room 219, where the investigating officer found the phone and other

items.  Petitioner appears to contend both that locker assignments do not exist, and that if they do exist, he was entitled to see the locker assignment logs.

Respondent submitted the locker assignment logs to this Court, which again reveal that the locker in question belonged to Petitioner on the date of the search. (ECF No. 3-1, at 33).  To the extent Petitioner argues that the failure to allow him to review those logs violated his due process rights, prisoners do not have the right to "review all potentially inculpatory evidence prior to [a] disciplinary hearing." *Lasko v. Holt*, 334 F. App'x 474, 476 (3d Cir. 2009).

Finally, Petitioner mentions the constructive possession doctrine, and appears to argue that the BOP should have charged all twelve inmates in his room, rather than just Petitioner.  Petitioner's reliance on that doctrine, however, actually bolsters the DHO's findings rather than assist his Petition in any way.

Courts have consistently upheld the rule that inmates can be held to be in "constructive possession" of contraband found in their cells. *See Denny v. Schultz*, 708 F.3d 140, 145 (3d Cir. 2013); *Santiago v. Nash*, 224 F. App'x 175, 177 (3d Cir. 2007) (finding that the constructive possession doctrine may satisfy the "some evidence" standard where only a small number of inmates are potentially guilty of the offense charged).  In effect, Petitioner is conceding that there is sufficient evidence to find that all inmates in the room constructively possessed the cell phone— which does not absolve him of possessing contraband.

For all of those reasons, Petitioner has "failed to show that the DHO's decision lacked 'some evidence'" to support his findings. *See Burns v. Hollingsworth*, No. 13-5485, 2014 WL 1117932, at *2 (D.N.J. Mar. 20, 2014).  The report, the locker assignment log, and Petitioner's close proximity to the locker, are enough to meet the minimally stringent "some evidence" standard for the DHO to conclude that Petitioner possessed a hazardous tool. *Cf. id.*

6

Ultimately, Petitioner asks the Court to reweigh the evidence, and credit his denial, but that is not the duty of this Court when reviewing a DHO's decision to revoke good time credits. *See Lang*, 529 F. App'x at 123.  Accordingly, the Court will deny the Petition.

## IV.   CONCLUSION

For the foregoing reasons, Court will deny the Petition.  An appropriate Order follows.

DATED:  May  19,  2020                                         s/Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge